IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LEON,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation<br><br>　　　　　　　　　　Respondent. | Civil No. 09cv2219-LAB (WMc)<br><br>REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: (1) RESPONDENT'S MOTION TO DISMISS [DOC. NO. 6]; AND (2) PETITIONER'S MOTION TO STAY [DOC. NO. 10 ] |

## I.

## INTRODUCTION

Jose Leon ("Petitioner"), a state inmate represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") on October 7, 2009, challenging his murder conviction. Matthew Cate ("Respondent") filed a Motion to Dismiss ("Motion") on January 22, 2010, arguing the Petition is a "mixed petition" containing both exhausted and unexhausted claims. ( Doc. No. 6.)  Petitioner filed an Opposition to Respondent's Motion to Dismiss ("Opposition") in conjunction with a separate Motion to Stay on March 10, 2010 . (Doc. Nos. 9 and 10.)   Respondent did not file a Reply brief in support of the motion to dismiss.

///

1

This Report and Recommendation is submitted to United States District Court Judge Larry A. Burns, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. After reviewing the Petition, Respondent's Motion to Dismiss, Petitioner's Opposition and Motion for Stay, and all supporting documents submitted by the parties, the Court recommends GRANTING IN PART Defendant's Motion to Dismiss and DENYING Petitioner's Motion to Stay for the reasons stated below.

## II.

## PROCEDURAL HISTORY

### A. State Court

On March 23, 2006, a jury convicted Jose Luis Leon ("Petitioner") of one count of second degree murder (Cal. Penal Code § 187(a)), determined Petitioner was a principal in the commission of the offence (Cal. Penal Code § 12022.53(d) and (e)(1)), and determined Petitioner committed the offense for the benefit of a criminal street gang (Cal. Penal Code § 186.22(b)(1)). (Lodgement No. 1 at 1-2.) Additionally, the jury found Petitioner guilty of one count of making a criminal threat (Cal Penal Code § 422), determined Petitioner used a firearm in commission of the offense (Cal. Penal Code § 12022.5), and found Petitioner committed the offense for the benefit of a criminal street gang (Cal. Penal Code § 186.22(b)(1)). (Lodgment No. 1 at 1-2.) The trial court sentenced Petitioner to 40 years to life in prison. (Lodgment No. 1 at 5.)

Petitioner appealed and on March 25, 2008, the Fourth District Court of Appeal, Division One, affirmed the judgment and remanded the case for resentencing in consideration of sentencing in a separate case involving Petitioner. (Lodgment No. 1 at 38-39.) At resentencing, the trial court stayed Petitioner's criminal threat conviction and Petitioner received a consecutive 10-year 4-month sentence in the separate case. (Lodgment No. 2 at 6.)

On July 9, 2008, the California Supreme Court denied Petitioner's petition seeking review of: (1) whether substantial evidence is required to prove Petitioner developed the knowledge and intent required for an aider and abettor; (2) whether substantial evidence supports the second degree murder verdict; and (3) whether a juror's statements to the court indicating there had been

no deliberations on enhancement constituted substantial evidence of juror misconduct when a true finding of a gang enhancement had already been entered. (Lodgment No. 2 at 2; Lodgment 3.)

**B.  Federal Court**

On October 7, 2009, Petitioner filed for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On January 1, 2010, Respondent filed a Motion to Dismiss. (Doc. No. 6.) Respondent contends Petitioner reasserts claims two and three presented to the California Supreme Court in the federal Petition's claim one and two, and the remaining ineffective assistance of counsel claims (claims three and four) are unexhausted. (Doc. No. 6 at 10-11; Doc. No. 6 at 2.) Petitioner concedes his two ineffective assistance of counsel claims are unexhausted. (Doc. No. 9 at 5:17-20.) As a result, Respondent argues the Petition must be dismissed without prejudice, and Petitioner may pursue the unexhausted claims in state court. (Doc. No. 6 at 6:4-5.) On March 10, 2010, Petitioner filed an Opposition brief in conjunction with a Motion for Stay and Abeyance. (Doc. Nos. 9 and 10.) Respondent has not filed an opposition in response to Petitioner's Motion to Stay and Abeyance or a reply in support of his motion to dismiss.

## II.

## DISCUSSION

**A.  Exhaustion Requirement**

The court must first address whether Petitioner's federal habeas petition is exhausted or is a mixed petition containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Supreme Court designed the exhaustion requirement to "encourage state prisoners to seek full relief first from state courts, thus giving those courts first opportunity to review all claims of constitutional error." *Id.* at 518-19. Courts generally consider a habeas petition exhausted when the state has the opportunity to rule on the merits of each and every claim raised in the petitioner's federal habeas petition. 28 U.S.C. § 2254(c). The Petitioner holds the burden to show his or her federal habeas petition satisfies the exhaustion requirement. *Rose*, 455 U.S. at 519.

1     On appeal, Petitioner raised the following two claims before the California Supreme Court
2  in his Petition for Review: (1) the evidence produced at trial was insufficient for Petitioner's
3  second degree murder conviction based on an aiding and abetting theory, and (2) the trial court
4  incorrectly denied Petitioner a new trial after the jurors informed the court they had not
5  deliberated on the gang enhancement count (juror misconduct). (Lodgment No. 2 at 7, 9, and
6  27-28.) Petitioner's habeas petition contains the above two claims. (Doc. No. 1 at 5 and 7.)
7  Petitioner raises, and concedes, that the habeas petition contains two additional unexhausted
8  claims: (1) "[P]etitioner was denied the right to effective assistance of trial counsel," and (2)
9  "[P]etitioner was denied the effective assistance of appellate counsel." (Doc. No. 1 at 8 and 10.)
10 Thus, it is recommended the Court find the record demonstrates Petitioner's habeas petition is
11 mixed.

**B.    Motion for Stay and Abeyance as an Alternative**

13    Respondent contends Petitioner failed to fully exhaust all claims within his habeas corpus
14 petition and urges dismissal of the petition in its entirety. (Doc. No. 6.) In response, Petitioner
15 argues he can demonstrate the good cause necessary to warrant a stay and abeyance. (Doc. No.
16 10.)
17    There are two approaches for analyzing a stay and abeyance motion, depending on whether
18 the petition is mixed or fully exhausted. *Jackson v. Roe*, 524 F.3d 654, 661 (9th Cir. 2005). If
19 the petitioner files a stay and abeyance motion under a mixed petition, the request is analyzed
20 under the Supreme Court standard set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). *See
21 Jackson*, 425 F.3d at 661. When the petition is fully exhausted, the request for stay and
22 abeyance is analyzed under the standard set forth in *Kelly v. Small*, 315 F.3d 1063 (9th Cir.
23 2003). *See Jackson*, 425 F.3d at 661.
24    Under the total exhaustion requirement set forth in *Rose v. Lundy*, 455 U.S. 509 and the
25 Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) one-year statute of limitation,
26 petitioners with mixed petitions "run the risk of forever losing their opportunity for any federal
27 review of their unexhausted claims." *Rhines*, 544 U.S. at 269-70. The limited options facing a
28 mixed petition create this risk. If a petitioner elects to abandon his or her unexhausted claims

4

and proceed with the exhausted claims, once the exhausted claimsare decided on the merits, the petitioner may not include any newly exhausted claims in a subsequent petition due to the strict limitations AEDPA places on successive motions. 28 U.S.C. § 2244(b). If a petitioner elects to dismiss the mixed petition, the AEDPA's one-year statute of limitations will likely run before a petitioner can exhaust state court remedies and return to federal court. *Rhines*, 544 U.S. at 275. Due to these potential risks, a federal district court has discretion to stay a mixed habeas petition. *Id.* at 278. When a court stays a mixed petition, the petitioner may present his or her unexhausted claims to the state court in the first instance, and then return to federal court for review of the "perfected" petition. *Id.* at 279. A petitioner must "show good cause for his failure to exhaust, demonstrate the unexhausted claims are potentially meritorious," and show no indication of "intentional[] dilatory litigation tactics" in order for the court to stay a mixed petition. *Id.* at 270. If the court finds a stay and abeyance inappropriate, the court may allow a petitioner to dismiss the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would "unreasonably impair" the petitioner's right to obtain federal relief. *Id.*

### 1. Good Cause

Petitioner contends he has demonstrated good cause for failure to exhaust because he did not have the background files necessary to support his ineffective assistance of trial counsel claim, his trial counsel has been unable as of yet to locate Petitioner's file, and his appellate counsel failed to raise ineffective assistance of counsel on direct appeal. (Doc. No. 10 at 6:3-25.)

#### a. Ineffective Assistance of Trial and Appellate Counsel

Petitioner bases his underlying ineffective assistance of trial counsel claim on trial counsel's: (1) failure to object to Maria Mendoza's testimony that her deceased son told her Petitioner wanted to have Juan Mendoza (the victim) killed and (2) failure to request a limiting instruction about the statement despite trial counsel's motion to exclude the statement as hearsay. (Doc. No. 1 at 9.) Petitioner also asserts trial counsel failed to adequately investigate the case prior to trial. (Doc. No. 1 at 9.) Additionally, Petitioner alleges ineffective assistance of appellate counsel because appellate counsel failed to raise the trial court's failure to inquire into

alleged juror misconduct. (Lodgment No. 1 at 37-38; Doc. No. 1 at 11.)

Petitioner's family obtained current counsel, Attorney John Lanahan, in April 2009 to review the state court proceedings and identify issues for presentation in a federal habeas corpus petition (Doc. No.10, Ex. B, ¶¶ 2- 4.) Although Petitioner's new counsel identified potential ineffective assistance of trial and appellate counsel issues from a review of court filings, he did not include these potential claims in the federal petition because they had not been presented to the state court and Petitioner's former counsel could not locate his files. (Doc. No. 10 at 6.) Attorney Lanahan asserts that without the client files he had no documentation of what trial counsel knew, and therefore, could not present a *prima facie* ineffective counsel case. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); (Doc. No. 10, Ex. B, ¶¶ 4-6.) Petitioner also argues he had good cause for failure to exhaust the ineffective assistance of appellate counsel claim because appellate counsel could not have presented such a claim on direct appeal, and Petitioner needed to have another counsel review the record to discover any habeas corpus issues. (Doc. No. 10 at 7.)

Good cause for failure to exhaust may be attributable to "procedural default." *Hernandez*, 379 F. Supp. 2d at 1206-07 (the showing for "good cause" under procedural default is analogous to the "good cause" test established in *Rhines v. Weber*.) Procedural default is established when the failure to exhaust state remedies "resulted from an objective factor external to the petitioner which cannot fairly be attributed to him or her." *Id.* (citing *Coleman v. Thompson,* 501 U.S. 722, 753(1991) (*quoting Murray v. Carrier, 477 U.S. 478*.(2005)).

After consideration of the facts presented in the declarations of Petitioner and Attorney Lanahan, it is recommended the Court find no good cause exists for Petitioner's failure to exhaust his ineffective assistance of trial and appellate counsel claims. Here, there has been no showing that Petitioner's unavailable client file impeded him from bringing his ineffective assistance of counsel claims in state court. Petitioner's claim as to the conduct of trial counsel arise from facts known to him at the time of trial. Indeed, the Supreme Court has stated "the reasonableness of counsel's actions [in analyzing an ineffective assistance of counsel claim] may be determined or substantially influenced by the *defendant's own statements or actions* [because]

[c]ounsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and information supplied by the defendant." *Strickland v. Washington*, 466 U.S. 668, 691. Moreover, the trial record contains what occurred during Maria Mendoza's testimony. One missing client file does not establish good cause for failure to raise an ineffective assistance of counsel claim where Defendant is available to speak to his new counsel regarding his interaction with trial counsel, and the trial transcript, court filings and guidelines detailing the prevailing norms of practice, such as the ABA Standards of Criminal Justice, are accessible for consultation. *Id.* at 688. As to Petitioner's ability to raise an ineffective assistance of appellate counsel claim, the same reasoning also applied. In this case, the California Supreme Court denied the petition on July 9, 2008. The appellate record and court filings were thereafter available for review. Petitioner had ample time and opportunity to analyze and present his ineffective assistance of trial and appellate counsel claims to the state court in the five months remaining in 2008 or at anytime in 2009 and no impediment was shown to exist within that generous time frame which prevented Petitioner from making the preparations necessary to raise these issues in state court before the federal petition was filed in October of 2009. Thus, it is recommended the Court find Petitioner has not demonstrated the good cause required under *Rhines v. Weber*, 544 U.S. 269 (2005) to warrant a stay of the exhausted claims while Petitioner returns to state court to exhaust two ineffective assistance of counsel claims. Accordingly, it is further recommended the Court DENY Petitioner's Motion for Stay and GRANT IN PART Defendant's motion to dismiss.

**C. Petitioner Should Choose From One of the Following Two Options**

To avoid the Court dismissing the mixed petition on its own accord, it is recommended Petitioner choose one of the following options:

**i) First Option: Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his

claims").

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from the date his conviction became final to file his federal petition unless he can show statutory or equitable tolling applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended*, 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

**ii) Second Option:  Formally Abandon Unexhausted Claim(s)**

Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted one(s). *See Rose*, 455 U.S. at 510, 520-21 (a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").

---

1.   28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner is cautioned that, once he abandons his unexhausted claim(s), he may lose the ability to ever raise it/them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[2]

### III.

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) DENYING Petitioner's Motion for Stay, (2) GRANTING IN PART Defendant's motion to dismiss and (3) directing Petitioner to choose from one of the above listed options to prevent the Court from dismissing the petition on the Court's own accord.

**IT IS ORDERED** that no later than **June 23, 2010** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 30, 2010.** The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order. See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); see also *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: June 9, 2010

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

---

2. 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.