# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LEON,<br><br>                Petitioner,<br><br>   vs.<br><br><br><br>MATTHEW CATE, Secretary,<br><br>                Respondent. | CASE NO. 09cv2219-LAB (WMc)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION;**<br><br>**ORDER REQUIRING FILING OF VERDICT FORM AND TRANSCRIPT; AND**<br><br>**ORDER REQUIRING PETITIONER TO DISMISS UNEXHAUSTED CLAIMS OR FACE DISMISSAL OF HIS PETITION**<br><br>[Docket Numbers 6, 10.] |

Petitioner, a prisoner in state custody, filed a petition seeking habeas relief. Respondent moved to dismiss the petition pursuant to *Rose v. Lundy*, 455 U.S. 509, 510 (1982) because it presented both exhausted and unexhausted claims. Petitioner filed an opposition, requesting that the petition be stayed while he exhausts the two unexhausted claims. These matters were referred to Magistrate Judge William McCurine for a report and recommendation. On June 9, Judge McCurine issued his report and recommendation (the "R&R"), recommending that a stay be denied because Petitioner had not shown good cause and recommending that Petitioner be required either to dismiss his petition or to delete the

/ / /

two unexhausted claims. After seeking and obtaining an extension of time in which to object to the R&R, Petitioner filed his objections on July 23.

Petitioner agrees with the R&R's recitation of the facts and procedural history, and agrees his third and fourth claims (for ineffective assistance of trial counsel and appellate counsel, respectively) were unexhausted. He only disagrees on the issue of good cause. Petitioner also asks that if his petition is not stayed, he later be permitted to amend it as discussed in *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003).

After Petitioner's conviction became final, he pursued one round of appeal in California's courts. He filed no habeas petitions in state court.

## I.  Legal Standards

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court thus reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Under *Rhines v. Weber*, 544 U.S. 269 (2005), the Court has discretion to stay a mixed habeas petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his petition. The petitioner must, however, show good cause for failure to exhaust, and the claims must not be "plainly meritless." *Id*. at 277. Petitioner bears the burden of showing good cause. *Id*. at 278.

The *Kelly* procedure remains available even after *Rhines*. *King v. Ryan*, 564 F.3d 1133, 1136 (9th Cir. 2009). *Kelly* does not require a showing of good cause for failure to exhaust, but is more cumbersome for the petitioner. *Id*. Under *Kelly*, a petitioner does not have to show good cause for failure to exhaust, but is required to delete unexhausted claims. The petition, containing only exhausted claims, then remains pending in federal court while the petitioner exhausts his state claims. But to be considered timely, a habeas petitioner's

new claims must relate back to properly exhausted claims pending in a federal petition, not to an earlier version of the petition. *Id*. at 1141. Simply arising from the same trial or conviction is not sufficient; the claims must share the same core of operative facts. *Id*. *Kelly* does nothing to protect the unexhausted claims from becoming untimely in the interim. *Id*.

Petitioner's unexhausted claims are for ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must demonstrate that the defense attorney's representation fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that the attorney's deficient performance prejudiced him. *Id*. at 693–94. Judicial scrutiny of counsel's performance is "highly deferential" and there is a strong presumption that counsel's performance falls within the "wide range of professional assistance." *Id*. at 689. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citation omitted). The petitioner bears the burden of showing that, but for his counsel's unprofessional errors, there is a reasonable probability the result would have been different. *Strickland*, 466 U.S. at 689 (citation omitted); *accord Porter v. McCollum*, 130 S.Ct. 447, 455 (2009) (explaining that habeas petitioner bears the burden of showing he was prejudiced by his counsel's deficiency).

The *Strickland* standard does not require counsel to preserve all issues that might conceivably be meritorious, nor does it allow the Court to deem such issues preserved simply because some competent counsel might have raised them. Such an argument was raised and rejected in *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). There, a habeas petitioner argued his trial counsel should have moved to suppress certain evidence, claiming such motions would have succeeded. The appellate court noted that, if it were certain the evidence would have been suppressed, the trial counsel's performance would have been deficient. But because trial counsel had no reason at the time to know the motion would be granted, his performance was not deficient, even if later rulings showed the motions might have succeeded. The court noted that counsel are not required to file every potentially

meritorious motion on the theory that a defendant has everything to gain and nothing to lose. Rather, the court discussed in detail several very sound reasons why an attorney might not file such motions.

## II. Petitioner's Unexhausted Claims

### A. Nature of Claims

The jury convicted Petitioner of a violation of one count of aiding and abetting second degree murder, and one count of making a criminal threat. The jury also found that the murder was committed with a firearm, that Petitioner used a firearm while making the criminal threat, and that both offenses were committed for the benefit of a criminal street gang.

Petitioner's third claim, for ineffective assistance of trial counsel, is based on several arguments. At trial, the court admitted the murder victim's statement, made to his mother several weeks before the murder, that he was afraid of Petitioner and that Petitioner had said he would be killed. Petitioner argues his counsel should have objected to admission of this evidence. Petitioner also argues that when the trial court admitted it to prove an element of the charge of making a criminal threat, his counsel should have requested a limiting instruction directing the jury to consider it only for that purpose. As part of this claim Petitioner also alleges his attorney failed to adequately investigate the physical evidence before trial. The physical evidence concerned the alleged lack of gunshot residue in the car, which Petitioner argues undercuts the testimony of two witnesses who testified the victim was shot at close range.

Petitioner's fourth claim, for ineffective assistance of appellate counsel, stems from remarks made by a juror after the verdict was taken. After the jury delivered its verdict, the jurors affirmed their verdict in open court, no party requested that the jury be polled, and the verdict was recorded, one or two jurors questioned whether the jury had actually deliberated the finding that the crimes were gang-related. The court questioned the others, who all said the matter had been the subject of deliberation. In the end, one juror couldn't recall ever discussing the finding. During questioning, at least nine jurors said they remembered

deliberating these findings. The court denied a new trial on these issues. Petitioner now argues his appellate counsel was ineffective for failing to appeal the trial court's error in failing to investigate this adequately as required by California law.

Petitioner appears to be asking the Court to grant him relief as if the state courts had made the wrong rulings on the issues he now raises. But it is worth noting that both of the unexhausted claims are for ineffective assistance of counsel, not for the underlying alleged errors; claims based directly on the underlying errors were never raised and are procedurally barred. Nor do *Strickland* or other relevant precedents allow a petitioner to use ineffective assistance claims as a back door through which he may bring all underlying claims that otherwise would be lost. Trial counsel's effectiveness is evaluated on the basis of what the attorney knew at the time and what other choices were available, not on the Court's evaluation of counsel's performance in hindsight. *Taylor v. Illinois*, 484 U.S. 400, 434 (1988). The Court will not rule on those issues now and find trial or appellate counsel ineffective for having failed to anticipate those rulings. *Lowry*, 21 F.3d at 346 ("[Petitioner's] lawyer cannot be required to anticipate our decision in this later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* 'as of the time of counsel's conduct.'")

Petitioner said his trial counsel misplaced his files, and therefore Petitioner could not exhaust these claims in state court. The R&R found that Petitioner knew all the underlying facts because he was present at his trial and because they appear in the trial record. The R&R also determined that Petitioner didn't need the missing files in order to exhaust his claims, so there was no reason for him to wait. Petitioner's objections to the R&R say he has now received his trial counsel's files.

**B.     Exhaustion**

Reviewing de novo the question of good cause, the Court finds (with one possible exception) that Petitioner was aware of the necessary facts to raise the claims this petition mentions. Petitioner was present at trial when the victim's mother's statement was admitted and when no limiting instruction was given. Allegations of jury misconduct were also dealt

with in open court and Petitioner knew about them. Furthermore, any of Petitioner's attorneys could have learned all this information from the trial record. At any time Petitioner could have brought an appeal and sought state habeas relief based on ineffective assistance of counsel and failure of his counsel to raise a *Crawford v. Washington* confrontation clause claim as he now says his attorney should have done at trial. And while Petitioner has said his trial counsel misplaced the files, his appellate counsel did not misplace files. Petitioner had notice of what claims his appellate counsel raised, and the lack of files didn't affect his ability to exhaust this claim. It is therefore evident Petitioner had no good cause for failure to exhaust these claims.

The one possible exception is Petitioner's allegation that his trial counsel did not conduct adequate pretrial investigation. It's possible Petitioner knew this all along, in which case he could and should have exhausted his claim already. If he didn't know about it all along, he hasn't adequately explained when he did find out. The only source of new information Petitioner has pointed to is his trial attorney's files, which he now has. But he hasn't identified any details from the files to support this claim. The two reasonable conclusions are that Petitioner either 1) knew all along his trial attorney hadn't conducted an adequate investigation; or 2) never had and still does not have any reason to think his trial attorney failed to conduct an adequate investigation. If the first is true, he has no good cause for failure to exhaust his claim; if the second is true, he has no claim to exhaust.

The alternate *Kelly* procedure would be of no help to Petitioner. Petitioner's third claim does not rely on the same operative facts as any exhausted claim and is thus time-barred. His fourth claim (pertaining to alleged jury misconduct) is based on the same facts as his exhausted second claim (that his due process rights were violated when the trial court refused to order a new trial in spite of possible juror misconduct). But while this claim may not be time-barred, it is plainly not meritorious, as discussed below.

The Court therefore finds there was no good cause for Petitioner's failure to exhaust these claims, and he is not entitled to a stay under *Kelly*. None of the unexhausted claims is meritorious, with the possible exception of the claim that his trial counsel failed to conduct

adequate pretrial investigation. The only reason this last claim is not obviously non-meritorious is that it is short on specifics and lacking in evidence of any kind.

### C. Merits of Unexhausted Claims

While it will likely be of little comfort to Petitioner, it does not appear the failure to exhaust made any difference, because his unexhausted claims lack merit. Both Petitioner's unexhausted claims are for ineffective assistance of counsel: his third claim is for ineffective assistance of counsel at trial, and his fourth claim is for ineffective assistance of counsel on appeal. A criminal defendant has the right to effective assistance of counsel both at trial and in the first appeal of right. *Kimmelman*, 477 U.S. at 378 n.2 (citation omitted).

In examining Petitioner's third claim, the Court considers whether Petitioner's trial counsel would have reason to know an objection to the evidence would have been sustained, and that a limiting instruction would have been given if requested. The California Court of Appeal considered these questions (*see* Lodgment 2 at 12–17) and determined the trial court properly admitted them under exceptions to the hearsay rule and that the statement was relevant to all charges against Petitioner. That court was uncertain whether a limiting instruction would have been given if requested. (*Id*. at 22–24.) Petitioner's *Crawford*-based confrontation clause claim would not succeed because the admitted statement was not testimonial, and his trial counsel conceded as much. (Pet., 9:22–23; Obj. to R&R, 7:1–2.) This concession was reasonable, because the victim's statement to his mother was non-testimonial. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1160–61 (9th Cir. 2010) (discussing characteristics of testimonial statements). *See also Ponce v. Felker*, 606 F.3d 596, 600 n.2 (9th Cir. 2010) ("The Supreme Court has yet to define precisely what are 'testimonial' and 'non-testimonial' statements.") Petitioner's trial counsel was therefore not objectively unreasonable in failing to object to the evidence, request a limiting instruction, or raise a *Crawford* challenge to it.

In evaluating whether a petitioner was prejudiced, courts "must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695. Here, both the petition itself and a review of the state appellate decisions makes clear the case against Petitioner

1  was substantial.  According to the petition, the evidence included the testimony of two
2  eyewitnesses, passengers in the victim's car, who said they saw Petitioner and his co-
3  defendant approach the car, saw Petitioner display a gun and ask the victim "Do you want
4  me to shoot you?" and looked back after the victim was shot to see the co-defendant
5  pointing a gun at the car. (Pet., 5:17–6:4.) When they saw the victim had been shot in the
6  back of his head, they drove to a nearby fire station for help. (*Id.*, 6:5–6.)  In view of this
7  evidence, it is unlikely the admission of a statement by the victim's mother about a
8  conversation weeks earlier affected the outcome.

9  Petitioner also argued his counsel

> failed to provide any physical evidence or expert testimony, or to raise on cross-examination of the prosecution's experts, that the version of events testified to by [the two eyewitnesses was] inaccurate because there was no gunshot residue found in the [car] after [the victim] had been shot or that the single gunshot wound to his head could not have been fired from the close range claimed by the two witnesses.

14  (Pet., 10:13–18.)  Even accepting the bare representations that no gunshot residue was
15  found in the car and that the victim was not shot at close range, there is no showing why this
16  contradicts the eyewitnesses' testimony, much less shows their testimony about the killing
17  would likely have been disregarded.  Even if this evidence exists, Petitioner has not shown
18  why his counsel was unreasonable in not presenting it, nor has he shown any likelihood the
19  outcome would be different.  There is no explanation why gunshot residue would be
20  expected to be in the car, or why the range at which the victim was shot was important.
21  What is more, now that Petitioner has his trial counsel's files, his objections to the R&R
22  include no further explanation and mention no evidence. In other words, even after obtaining
23  the files he sought, Petitioner still has not shown how he was prejudiced by the alleged
24  failure.

25  / / /
26  / / /
27  / / /
28  / / /

With regard to Petitioner's fourth claim, his counsel raised the jury misconduct[1] issue on appeal, and the appellate court considered how the trial court addressed the situation and rejected the claim, finding the trial court's determination that no misconduct occurred was supported by substantial evidence. The record shows the trial court made inquiries of the jurors but decided not to conduct a full hearing after verdicts had been returned on all counts. The appellate decision says "the trial court would have been well advised to have conducted an inquiry with respect to the alleged misconduct, after the close of deliberations." (Lodgment 2 at 38 n.11.) This comment appears intended to guide trial courts in the future, clarify the scope of the ruling, and possibly streamline adjudication by suggesting a theory Petitioner might raise immediately rather than later, during a round of habeas review. There is no showing the appellate court thought the claim was meritorious, and the opinion specifically avoids reaching the issue or inquiring further. (Lodgment 1 at 38 n.11.)

Petitioner now wishes to argue that his appellate counsel should have sought relief on the grounds that the trial judge failed in his obligation to investigate the allegations. According to the Petition, the appellate court "specifically noted its concern that the trial court had failed to conduct its own inquiry as to juror misconduct." (Pet., 9:6–8.) To be clear, the appellate court's concern wasn't that the trial court had failed to look into the matter at all, but rather that it hadn't followed its initial inquiries with a more thorough investigation at the end of trial.

A claim that the trial court should have investigated alleged jury misconduct more adequately is derivative of the jury misconduct claim, which was raised and rejected on appeal and which forms Petitioner's second claim here. It is worth remembering that the primary claim was supported by argument based on the record. According to this argument, the record showed the misconduct happened and merited a new trial. In contrast, the

---

[1] "Misconduct" is probably too strong a term for what allegedly took place. Apparently after the verdict was taken, the jurors affirmed their verdict, and the verdict was recorded, one or two jurors said they didn't think they had deliberated on the gang enhancement finding. One juror had already been excused, but the remainder said they had deliberated on that issue. The trial court questioned the jurors, apparently concluded they did deliberate, and declined to pursue the matter further. The court later refused to disturb the verdict.

1 collateral claim would have relied on a theory that the trial record was inadequate because
2 the judge hadn't made sufficient inquiry. In other words, the claims are based on two very
3 different constructions of the trial record. While it's possible to argue contradictory theories
4 in the alternative, it's also not unreasonable to abandon the weaker claim and focus
5 vigorously on the stronger. The record suggests Petitioner's counsel's decision to abandon
6 the collateral claim was a calculated move: even after receiving the appellate decision, he
7 did not attempt to raise the collateral claim in his petition for review, and instead focused in
8 more detail on the misconduct claim. (Lodgment 2 at 26–33.)

9 Petitioner's appellate counsel thus wasn't unreasonable in focusing on the primary
10 misconduct claim and abandoning the collateral claim. The pleadings don't show Petitioner's
11 appellate counsel had any reason to believe the collateral claim was stronger or that he
12 should pursue both claims. Furthermore, Petitioner hasn't shown prejudice, because he
13 hasn't attempted to show a reasonable probability his collateral claim would have
14 succeeded.

## III.   Conclusion and Order

16 After review of the claims, it is apparent the Court will be required to review the trial
17 court record to adjudicate Petitioner's second claim for jury misconduct. Respondent is
18 therefore **ORDERED** to obtain and file a copy of the verdict form, and a copy of the trial court
19 transcript covering at least the period from the taking of the verdict through the recording of
20 the verdict. Respondent must file these no later than Friday, October 8, 2010, but an
21 extension of this date for good cause shown may be granted by Magistrate Judge McCurine.
22 Petitioner's objections to the R&R are **OVERRULED** and the Court **ADOPTS** the R&R
23 as modified. The motion to dismiss is **GRANTED IN PART**, as explained in the R&R. The
24 motion to stay and the request for leave to amend the petition pursuant to *Kelly v. Small* are
25 both **DENIED**. Petitioner shall file an amended complaint no later than 14 calendar days
26 / / /
27 / / /
28 / / /

from the date this order is issued, omitting the dismissed claims. If he does not do so, the mixed petition will be dismissed as required under *Rose*, 455 U.S. at 510.

**IT IS SO ORDERED**.

DATED: September 8, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge