# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LEON,<br><br>                             Plaintiff,<br>  vs.<br><br>MATTHEW CATE, Secretary,<br><br>                            Defendant. | CASE NO. 09cv2219-LAB (WMc)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Jose Luis Leon was convicted in California state court of second degree murder and of making a criminal threat, with enhancements for committing the offenses for the benefit of a criminal street gang and using a firearm. After exhausting some of his claims, he filed his petition in this Court. At all stages — trial, appeal, and now federal habeas — he has been represented by counsel.

The Court required him to either amend his complaint to omit unexhausted claims, or face dismissal of his petition altogether, pursuant to *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Although the Court's determination was based on procedural grounds (failure to exhaust), as part of its analysis of his request for stay-and-abeyance, the order also reached the merits of his unexhausted claims. Leon then filed an amended complaint. After the petition was fully briefed, the Court denied the petition on the merits. Leon now seeks to appeal that denial.

To the extent the Court based its denial of the petition on procedural grounds, the Court will issue a certificate of appealability (COA) when the petitioner shows that reasonable jurists would find the Court's procedural ruling either debatable or wrong, and also that reasonable jurists would find it debatable whether the petition states a valid claim. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). To the extent the Court based its decision on the merits, a COA will issue if reasonable jurists would find the Court's resolution of Leon's claims debatable or wrong. *Id*. at 484.

As part of its analysis of the unexhausted claims, the Court discussed his stated reasons for failure to exhaust, and found them insufficient. The California Supreme Court denied Leon's petition for review on July 9, 2008, and his conviction became final October 7, 2008. His family retained counsel in April, 2009 to assist him with a federal habeas petition, and Leon's new counsel then began collecting records pertaining to the case. He requested Leon's trial counsel's file, but trial counsel couldn't produce it. This, he argued, amounted to good cause for failure to exhaust, and Leon's counsel requested more time to obtain the files, in order to determine whether trial counsel had conducted an adequate pretrial investigation. But Leon's counsel on direct appeal could have requested and obtained the files, if they were important. The fact that Leon's various attorneys waited until after filing his federal habeas petition to start looking into these issues does not excuse failure to exhaust.

Turning to Leon's exhausted claims, his claim of insufficient evidence to support a conviction faces insurmountable obstacles. It is not enough that he overcome the deferential standard set forth in *Jackson v. Virginia*, 433 U.S. 307, 319 (1980). He must also show that the state courts' judgment was objectively unreasonable, and this double deference owed to the state court judgment is rarely surmounted. *See Boyer v. Belleque*, 659 F.3d 957, 964–65 (9th Cir. 2011). For reasons set forth in the Court's order denying the petition, the evidence was easily sufficient to satisfy the deferential *Jackson* standard. Even if some reasonable jurists might find that conclusion at least debatable, the second layer of deference puts any debate to rest.

Leon's second claim is based on allegations of juror misconduct; specifically, he argues, jurors failed to deliberate on particular issues. The record, however, shows that the Court inquired of jurors about this, and on the basis of these inquiries and of jurors' reaffirmance of their already-recorded verdict, made the factual determination that they did deliberate on all issues. This factual determination is presumed to be correct unless Leon rebuts the presumption with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). Furthermore, the state courts' decision based on the trial judge's factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in that proceeding. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The California Court of Appeals determined that, as to charges against Leon, all jurors who were questioned reaffirmed their guilty verdict, and all but one reaffirmed their already-recorded finding on Leon's gang enhancement.[1] The state courts' factual determination is not only reasonable; it is fully supported by the record. The applicable standard is far from being met here, and no reasonable jurist would find this debatable or wrong.

The certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: April 24, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The main difficulty concerned the jurors' findings against Leon's co-defendant. But even then, most jurors reaffirmed their verdicts when the trial judge inquired into them.